**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-25-0000240
21-NOV-2025
08:04 AM
Dkt. 61 SO**</span>

NO. CAAP-25-0000240

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


G.K., Plaintiff-Appellant,
v.
O.K., Defendant-Appellee.


APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(CASE NO. 2FDV-24-0000405)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Wadsworth and McCullen, JJ.)

Plaintiff-Appellant G.K. (**Husband**) appeals from the
Family Court of the Second Circuit's (1) December 31, 2024 order
denying Husband's **Motion to Return Child** to Maui and granting
Defendant-Appellee O.K.'s (**Wife**) motion to dismiss (**Dismissal
Order**); (2) February 13, 2025 order denying Husband's motion for
relief from the Dismissal Order (**Order Denying Relief**); and
(3) February 27, 2025 order denying Husband's motion for

reconsideration of the Dismissal Order and Order Denying Relief (**Order Denying Reconsideration**).[1]

On appeal, Husband contends the family court erred in concluding Hawaiʻi was an inconvenient forum and dismissing his divorce complaint.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below and vacate and remand.

Husband and Wife were married in Utah in 2014, and G.S.K. (**Child**) was born in 2022. Both parties represented that they moved to Maui on October 30, 2023.

In March 2024, Husband filed a complaint for divorce in the family court. The court was to confer with the New Mexico court regarding jurisdiction, but Husband withdrew his complaint in May 2024.

On November 27, 2024, Wife filed a petition for legal separation in New Mexico.

On December 16, Wife petitioned the New Mexico court for dissolution of the marriage.

---

[1] The Honorable James R. Rouse presided.

On December 18, Husband (self-represented) filed a complaint for divorce in the family court, requesting sole custody of Child with Wife having supervised visits.

On December 23, Husband filed the Motion to Return Child.

On December 24, the family court set a hearing on the Motion to Return Child for December 30, 2024 at 2:00 p.m. Hawai'i's Judiciary Electronic Filing System (**JEFS**) shows Husband needed to be conventionally served.

On December 26, Wife requested to appear via Zoom. Wife's request expressly stated, "The above matter is set for a hearing on December 30, 2024 at 2:00 p.m." According to JEFS, the notification for Wife's request was electronically mailed to Husband at his iCloud email address.

That same day, Wife also filed a response to Husband's Motion to Return Child and a motion to dismiss for lack of jurisdiction. In her filings, Mother alleged she was a victim of domestic violence and relocated with Child to New Mexico on November 21.

On December 30, the family court held a hearing on Husband's Motion to Return Child. The transcripts reflect the hearing started at 2:01 p.m., and the minutes reflect that the hearing started at 2:07 p.m. In any event, the record reflects Husband was not present, which Husband does not contest. The

family court denied Husband's Motion to Return Child and dismissed his complaint for divorce.  The family court found that "this is an inconvenient forum.  The matter was filed initially in New Mexico.  That will be the state that will hear this case."

On December 31, the family court entered its Dismissal Order.  Although default was not mentioned during the hearing, the Dismissal Order noted Husband "was defaulted."  The family court concluded "Hawaiʻi is an *inconvenient forum* and the more appropriate forum for the Complaint is in New Mexico."

On January 8, 2025, Husband (represented by counsel) moved for relief from the Dismissal Order based on Hawaiʻi Family Court Rules Rule 60(b)(1), excusable neglect.  Husband argued Hawaiʻi had jurisdiction over the divorce under the 2018 version of Hawaiʻi Revised Statutes (**HRS**) § 580-1.[2]  In a declaration

---

[2]  The legislature amended HRS § 580-1 in 2021 — the operative version of the statute in this case — to remove language from subsection (a) that Husband quoted in his motion for relief.  The following bracketed and stricken text was repealed and underscored text was added:

> (a)  Exclusive original jurisdiction in matters of annulment[, ~~divorce,~~] and separation, subject to section 603-37 as to change of venue, and subject also to appeal according to law, is conferred upon the family court of the circuit in which the applicant has been domiciled or has been physically present for a continuous period of at least three months next preceding the application therefor, except as provided in subsection (b).  [~~No absolute divorce from the bond of matrimony shall be granted for any cause unless either party to the marriage has been domiciled or has been physically present in the State for a continuous period of at least six months next preceding the application therefor,~~]

(continued . . .)

attached to his motion, Husband asserted he thought the hearing was at 2:30 p.m., rather than 2:00 p.m. At 1:00 p.m., while preparing to leave, he checked JEFS and realized the hearing was at 2:00 p.m. He left home, but "[t]raffic was slow." He arrived at the courthouse at 2:01 p.m. Husband's declaration provided no information regarding the inconvenient forum issue.

On February 3, the family court held a hearing on Husband's motion for relief. Following arguments related to Husband's assertion that default should be set aside for excusable neglect, the family court stated, "while there may be merit to that, the Court is declared an inconvenient forum, and there's been so much that's occurred since the Court's default that I would find that the issue is moot." The family court then denied Husband's motion for relief and concluded that Hawaiʻi "will not exercise jurisdiction in this case. Jurisdiction is appropriate in New Mexico[.]"

On February 13, the family court entered its Order Denying Relief. The family court again concluded that Hawaiʻi "is an inconvenient forum for this matter and the New Mexico

_____

(. . . continued)

> Exclusive original jurisdiction in matters of divorce, subject to section 603-37 as to change of venue, and also subject to appeal according to law, is conferred upon the family court of the circuit in which the applicant is domiciled at the time the application is filed, except as provided in subsection (b). . . .

2021 Haw. Sess. Laws Act 69, § 1 at 216.

court has already asserted jurisdiction in this matter."  The family court denied Husband's motion for relief as moot.

On February 14, Husband moved for reconsideration. Husband argued he was entitled to present evidence and to be heard.  Husband attached various exhibits.[3]  The family court entered its Order Denying Reconsideration on February 27.

Husband appealed.  After Husband filed his opening brief, but before Wife filed her answering brief, the family court minutes show as follows:  "Court conducts [Uniform Child Custody Jurisdiction and Enforcement Act (**UCCJEA**)] conference on record.  New Mexico will have jurisdiction of this case under UCCJEA."  Present during the July 28, 2025 conference was Judge James R. Rouse of Hawaiʻi, and by telephone, Judge Amber Chavez Baker of New Mexico, Husband, and Wife.

---

[3]  Husband's exhibits included the following:

- text messages and emails;
- JEFS "Printable Case View" for 2FDV-24-0000108, involving Husband's complaint for divorce filed in March 2024;
- Maui Police Department Case Summary Report dated March 27, 2024;
- "Register of Actions" for "Case No. D-202-DM-2024-03243" with the Judicial Officer named as Judge Amber Chavez Baker.  The cause of action was identified as "Divorce with Custody," and included a January 8, 2025 "Memorandum Order Setting Summary Hour Hearing and Requiring Telephonic Appearance" and a January 9, 2025 "Memorandum Order Setting Hearing."  (Formatting altered and emphasis added.)  Both documents stated in part that "[t]he Court has jurisdiction over the parties and the subject matter herein" (emphasis added);
- the Order Denying Relief;
- the Dismissal Order; and
- the February 3, 2025 transcript for the hearing on Husband's motion for relief.

On appeal, Husband contends the "family court erred by ruling that Hawaiʻi was an inconvenient forum to determine [Child's] custody without an evidentiary hearing and an on-the-record application of the factors in HRS § [583]A-207(b)" (2018).[4]

HRS § 583A-207 (2018) sets forth the jurisdictional framework for interstate custody disputes where the family court may decline to exercise jurisdiction if, after considering all relevant factors, it determines it is an "inconvenient forum":

> **§ 583A-207 Inconvenient forum.** (a) A court of this State which has jurisdiction under this chapter to make a child-custody determination <u>may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum</u> under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon the motion of a party, the court's own motion, or request of another court.
>
> (b) <u>Before determining whether it is an inconvenient forum</u>, a court of this State shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, <u>the court shall allow the parties to submit information and shall consider all relevant factors, including</u>:
>
> (1) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;
>
> (2) The length of time the child has resided outside this State;
>
> (3) The distance between the court in this State and the court in the state that would assume jurisdiction;
>
> (4) The relative financial circumstances of the parties;

---

[4] Husband also challenges the entry of default and the tardiness of Wife's motion to dismiss. Because we vacate as discussed below, we need not reach these challenges; we note, however, that Wife's response to Husband's Motion to Return Child raised the issue of inconvenient forum, not Wife's motion to dismiss.

(5) Any agreement of the parties as to which state should assume jurisdiction;

(6) The nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

(7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence;

(8) The familiarity of the court of each state with the facts and issues in the pending litigation; and

(9) The physical and psychological health of the parties.

(c) If a court of this State determines that it is an inconvenient forum and that a court of another state is a more appropriate forum, it shall stay the proceedings upon condition that a child-custody proceeding be promptly commenced in another designated state and may impose any other condition the court considers just and proper.

(d) A court of this State may decline to exercise its jurisdiction under this chapter if a child-custody determination is incidental to an action for divorce or another proceeding, <u>while still retaining jurisdiction over the divorce or other proceeding</u>.

(Formatting altered and emphases added.)

A child-custody proceeding "means a proceeding in which legal custody, physical custody, or visitation with respect to a child is an issue" and includes "a proceeding for divorce . . . in which the issue may appear." HRS § 583A-102 (2018).

"A family court's decision to decline jurisdiction under HRS § 583A-207 is reviewed for abuse of discretion." <u>DL v. CL</u>, 150 Hawaiʻi 467, 504 P.3d 1055, No. CAAP-20-0000593, 2022

8

WL 591822, at *6 (App. Feb. 28, 2022) (mem. op.) (citation modified).

Before the family court determined that Hawai'i was an inconvenient forum in its Dismissal Order, Husband (self-represented) submitted a declaration with his Motion to Return Child. Although inconvenient forum had not yet been raised, Husband declared Wife abandoned the Maui residence and absconded with Child. Husband further asserted he did not consent to Wife taking Child to New Mexico beyond visiting her family for the holidays, and Wife exhibited erratic and destructive behavior including violently attacking him.

Wife then raised inconvenient forum and provided a declaration regarding Husband dragging her, throwing objects at her head, and slapping her, and that she and Child were not safe in Hawai'i. Wife also stated she was grateful her parents provide support for her and Child.

Both parties painted a dire financial picture. And it was uncontested that Wife filed divorce proceedings in New Mexico before Husband filed the current divorce proceedings in Hawai'i.

The family court determined Hawai'i was an inconvenient forum but made no findings related to the HRS § 583A-207(b) factors. Based on the record, we cannot say the family court complied with HRS § 583A-207.

Husband then had two more opportunities to present information related to the HRS § 583A-207(b) factors, in his motion for relief and motion for reconsideration. Although Husband's motion for relief did not address the HRS § 583A-207(b) factors, Husband's motion for reconsideration did.

Husband argued Hawaiʻi was the home state under HRS § 583A-201(1) (2018), the family court must confer with the New Mexico court under HRS § 583A-110 (2018), and the family court must consider the factors under HRS § 583A-207(b). Husband attached an eight-page declaration and numerous exhibits to his motion for reconsideration. One of the attached exhibits shows the New Mexico court exercised jurisdiction over the "Divorce with Custody" cause of action.[5]

After considering the information provided by Husband, the family court denied Husband's motion for reconsideration and entered its findings of fact (**FOF**) and conclusions of law (**COL**). FOF 41 states: "The court found that [Wife], was a victim of domestic violence and that domestic violence was likely to continue and New Mexico was the state that could best protect mother and child." And COL 18 states: "After considering the nine factors enumerated in the statute, the Court found that [Wife] was leaving Hawaii to escape her abusive husband and that

---

[5] See supra note 4 and accompanying text.

10

factor weighed heavily on the court's decision to find an inconvenient forum."  Husband challenges FOF 41 and COL 18.[6]

FOF 41 and COL 18 were drafted in the past tense.  We, however, could not locate where in the record the family court made a finding as to domestic violence or where it considered all relevant factors under HRS § 583A-207(b).  See DL, 2022 WL 591822, at *7 (holding it could not be determined whether the family court abused its discretion where "[t]he court's subsequent Order includes FOFs that may bear on some of the statutory factors, but the Order does not address 'all relevant factors' and fails to identify the factors that the court relied on in declining jurisdiction under HRS § 583A-207" (emphasis added)).

Moreover, the family court did not identify the authority on which it relied for dismissing the divorce proceeding.  Id. ("To the extent that the Family Court declined to exercise jurisdiction over issues in the underlying divorce proceeding that do not involve the court's child-custody determinations, the court did not identify the authority

---

[6] Husband challenges numerous findings and all but one conclusion of law.  Husband, however, presents no specific argument as to why the challenged findings are clearly erroneous or why the challenged conclusions are wrong.  We are not obligated to address matters where Husband fails to present arguments for his challenged findings and conclusions.  See Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7); Hussey v. Say, 139 Hawaiʻi 181, 191, 384 P.3d 1282, 1292 (2016) ("This court is not obliged to address matters for which the appellants have failed to present discernible arguments." (citation modified)).

supporting its decision." (emphasis added)); HRS § 583A-207(d) (providing the family court may decline to exercise jurisdiction over the child-custody determination but retain jurisdiction over the divorce proceeding).

Although the New Mexico documents submitted by Husband and the July 28, 2025 conference minutes appear to indicate New Mexico exerted jurisdiction over the divorce proceeding and the child-custody determination, the record does not show the family court complied with HRS § 538A-207.

Based on the foregoing, we vacate the family court's (1) December 31, 2024 Dismissal Order; (2) February 13, 2025 Order Denying Relief; (3) February 27, 2025 Order Denying Reconsideration; and (4) May 14, 2025 Findings of Fact and Conclusions of Law. We remand this case for further proceedings consistent with this summary disposition order; any written findings of fact in this case shall include citations to the record that support each finding. Additionally, all pending motions are denied.

DATED: Honolulu, Hawaiʻi, November 21, 2025.

On the briefs:

Benjamin E. Lowenthal,
for Plaintiff-Appellant.

Michael A. Glenn,
for Defendant-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge